TitRLey, J.
delivered the opinion of the court.
The first cause of error assigned, is, that the verdict of the jury was contrary to the evidence, and ought therefore to have been set aside. It is contended that to constitute the offence for which the prisoner is indicted, the stabbing must have been done with malice aforethought; that is under such circumstances as would have made him guilty of murder, if death had ensued, and that the proof does not support the proposition that it was so done.
It is true, that the statute requires that this offence shall be committed with malice aforethought, by which is not meant such'malice, as is required by the third section of the same act to constitute the crime of murder in the first degree, but malice according to its common law signification, which is not confined to a particular animosity to the person injured, but extends to an evil design in general, a wicked and corrupt motive, an intention to do evil: 3 Chitty’s Criminal Law, 727. This malice is either express or implied; express where a deliberate intention is evinced to kill a particular individual; implied, when in the heat of blood, such violence is used as shows a heart regardless of social duty, and fatally bent offhnischiefj such violence as is not the result of an impulse or operation of the mind, but of a wicked, vindictive and revengful feeling, which never hesitates for the slightest injury, to inflict the heaviest punishment. The question then arises, is the proof in this case of a character to justify the jury in having found the existence of malice according to the definition given. We consider it unnecessary to go into a minute investigation of the testimony on this point. It shows beyond a doubt that the prisoner stabbed Lewis Underwood, the prosecutor. Upon this proof, the law presumes the existence of malice; to rebut' *344 which, the proof, either on the part of the state or prisoner, -must be of such a nature as to show that the stabbing was done under such circumstances as would, if death had ensued therefrom, have mitigated the offence from murder to manslaughter or excusable homicide, or to leave it doubtful whether it werd not so done. Taking the testimony of Moneymaker, the principal witness on the part of the state, as true, we are of opinion that there is nothing which does rebut the presumption of malice arising from the act of the prisoner. It is ad-riiitted that no abusive language will be sufficient for 'this purpose, and there is no proof that personal violence upon the prisoner was resorted to by the prosecutor; in fact the testimony of Moneymaker proves directly the contrary. For he says, he saw the prisoner stab Underwood, and attempt to do so a second time; that Underwood had nothing in Ins hand at the time tile stab was given, and denied having struck the prisoner. It is true an attempt is made to destroy the credibility of this witness; but the jury háve believed him, andit is not for us to gainsay it. All we' can legally do, is to say whether the proof, if true; is sufficient to sustain the verdict, and we" think it is.
The second cause assigned as error'is, that the court refused. to hear proof to show that the prosecutor, Underwood, who is a free man of color, was a turbulent, insolent, saucy fellow. We think there was no error in this; for supposing him to have been of the character described, we cannot see how this would have extenuated the offence of stabbing him, and most certainly the prisoner does not stand in such a relation towards him as to justify his being very particular in demanding respectful treatment from him.
The third cause of error assigned is, that the court refused to grant a.new trial upon the affidavit of Richard Munds, who states that sometime after the affray, Underwood informed him that he did strike the prisoner, and the affidavit of the prisoner, who states that he did not know until after the trial that he could prove that fact by Richard Munds.
We think this is no error. The testimony is illegal, and would not have been received if its existence had been known before the trial. It falls within the description of hearsay evi- *345 deace, and must have been rejected. For if Underwood were a competent witness, he ought to have been examined upon oath in open court, and if he were not, nothing that he r. , , r , . . . ° , , might say about the transaction, except it formed apart of the res gestae, could be received under any circumstances. The judgment of the circuit court must be affirmed.
Judgment affirmed.